In the Matter of the Petition of FLORENCE HEALEY to Prove the Last Will and Testament of CATHERINE SERVEIRA, Deceased.

Surrogate's Court, Kings County, November, 1922 (Received December, 1922).

**Wills — contested probate — evidence — non-subscribing witness.**

The name of a witness appearing upon the will requires that he be mentioned in the petition for probate as a subscribing witness. Where, however, his testimony shows that he did not act as a subscribing witness the latitude allowed to one calling a subscribing witness does not exist and it was proper in a contested probate proceeding to exclude his testimony taken upon the examination under section 141 of the Surrogate's Court Act when such testimony was offered by contestant solely for the purpose of contradiction.

MOTION to set aside the verdict of a jury in a proceeding to probate a will.

*Paul Bonynge*, for petitioner.

*Joseph A. Kennedy* (*William Murray*, of counsel), for contestants.

WINGATE, S. The name of the witness Kalisch appearing upon the will, although followed by his notarial jurat, required that he be mentioned in the petition for probate as a subscribing witness. His testimony shows that he did not act as a subscribing witness and was not requested to do so, but that his sole function was to supervise the execution of the will and, to use his own expression, " notarize " it.

Kalisch was called to the witness stand and examined by the contestants. The latitude allowed to one calling a subscribing witness does not here exist, and the refusal to admit in evidence

upon the trial, at the request of counsel for the contestants, the testimony of Kalisch taken upon the examination under section 141 of the Surrogate's Court Act, solely for the purpose of contradiction, was not error. Nor does the record of such examination perforce of the statute become part of the record at the trial.

The insinuation of counsel in the moving affidavits is not justified; but the court does not consider and does not believe that it was intended to refer to proponent's counsel. Indeed such intention was expressly disclaimed upon the argument of this motion by counsel for the contestants. The standing of all of the attorneys engaged in the trial and upon this motion is too high to permit of any such inference.

Nothing contained in the papers upon this motion, or in the arguments of counsel, alters the view of the court, announced at the trial, that the will of the decedent was signed at the end.

Motion to set aside the verdict of the jury entered by direction of the court and for a new trial, is denied.

Settle order on notice.

Ordered accordingly.